**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VEYONCE CLARK,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

Defendant.
__________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant United Parcel Service, Inc. ("UPS"), by and through counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, UPS hereby states as follows:

**STATE COURT ACTION**

1. Plaintiff Veyonce Clark ("Plaintiff") filed her Complaint against UPS in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida on or about September 8, 2026, titled *Veyonce Clark v. United Parcel Service, Inc. aka UPS*, No. 2026-CA-009576-O ("State Court Action"). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Civil Cover Sheet, Complaint, Uniform Trial and Case Management Order, Summons, and Verified Return of Service, which all

were considered served upon UPS in the State Court Action, and a copy of the Docket, are attached hereto as Exhibits A-F.

2. In accordance with Rule 1.06(b) of the Local Rules of the United States District Court for the Middle District of Florida, Exhibits A and C-F represent each paper docketed in the State Court Action as of the date of removal.

3. While UPS contends that all of the claims in Plaintiff's Complaint lack merit, Plaintiff asserts the following causes of action: (i) gender discrimination in violation of the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"); (ii) sexual-orientation discrimination in violation of the FCRA; (iii) gender-based hostile work environment in violation of the FCRA; (iv) retaliation in violation of the FCRA; (v) sex-based discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"); (vi) sexual-orientation discrimination under Title VII; (vii) gender-based hostile work environment under the FCRA; and (viii) retaliation under Title VII. *See* Exhibit A, Complaint ¶¶ 35-112.

4. UPS was served with and actually received a copy of the summons and Complaint in the State Court Action on October 30, 2026, within thirty (30) days of this Notice of Removal. *See* Exhibit F, Verified Return of Service.

5. UPS has not answered or otherwise responded to the Complaint in the State Court Action.

## **REMOVAL PROCEDURES AND VENUE**

6. UPS has not filed an answer or otherwise responded to the Complaint. This Notice of Removal is filed within thirty (30) days of UPS being served with the

summons and Complaint in the State Court Action and is timely filed in accordance with 28 U.S.C. § 1446(b).

7. UPS' Notice of Removal is filed less than one (1) year after this action was commenced pursuant to 28 U.S.C. § 1446(c)(1).

8. Pursuant to 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice of Removal to Plaintiff and will promptly file such notice with the clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Such notice to the clerk and Plaintiff is attached hereto as Exhibit G.

9. Pursuant to 28 U.S.C. § 1446(b), venue is proper in the United States District Court for the Middle District of Florida as the federal district court for the district in which the State Court Action is pending (the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida).

10. This action is not made nonremovable by 28 U.S.C. § 1445(c).

## DIVERSITY OF CITIZENSHIP JURISDICTION

11. This Court has original subject matter jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, as this civil action is between citizens of different states and the total amount in controversy exceeds $75,000.00, exclusive of interest and costs.

12. Plaintiff is an individual who resides and is domiciled in Florida. *See* Exhibit A, Complaint, ¶ 3. Accordingly, based on the Complaint, Plaintiff was and is a citizen of the state of Florida when the State Court Action was filed, at the time

of removal, and at all other times throughout the pendency of this action. Plaintiff is a citizen of Florida within the meaning of 28. U.S.C. § 1332.

13. For the purpose of diversity jurisdiction, a corporation is a "citizen" of the state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). UPS is a corporation incorporated in the state of Ohio and maintains its principal place of business in the state of Georgia. Therefore, UPS is a citizen of the states of Ohio and Georgia within the meaning of 28. U.S.C. § 1332.

14. Based on the foregoing, in accordance with 28 U.S.C. § 1332, complete diversity of citizenship is satisfied in this action.

15. An action with complete diversity of citizenship may be removed to federal court where the defendant can establish by a preponderance of the evidence that the total amount in controversy exceeds $75,000.00, exclusive of costs and interest. *See* 28 U.S.C. §§ 1332(a), 1446(c)(2). Additionally, "[a] case should not be remanded unless it can be shown to a legal certainty that [the] claim is for less than the jurisdictional amount." *Warth v. State Farm Fire & Casualty Co.*, 792 F. Supp. 101, 103 (M.D. Fla. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

16. In her Complaint, Plaintiff alleges – and concedes for the purpose of this Notice of Removal – that her claims individually are in excess of $50,000.00, exclusive of costs and interest. *See* Exhibit A, Complaint ¶ 2.

17. Plaintiff is pursuing eight (8) causes of action and is seeking *inter alia* her lost wages, compensatory damages, punitive damages, and attorneys' fees. *See id.* ¶¶ 44, 56, 66, 73, 84, 94, 104, 112 and pages 23-24.

18. The FCRA and Title VII allow for the recovery of lost wages, including an award of back pay. *See* Fla. Stat. § 760.11(5); 42 U.S.C. § 2000e-5(g)(1). Plaintiff alleges she was terminated from UPS on July 28, 2025. *See* Exhibit A, Complaint ¶ 28. As of July 2025, Plaintiff earned $21.75 per hour working part-time at UPS. Assuming solely for the purpose of this Notice that Plaintiff worked twenty (20) hours per week and has failed to obtain comparable employment, she has been unemployed for approximately sixty-eight (68) weeks. Plaintiff's maximum award of back pay as of this Notice of Removal is therefore estimated to be $29,580.00 ($21.75 per hour x 20 hours per week x 68 weeks).

19. While Plaintiff has not specifically stated an amount of compensatory damages in her Complaint, such damages may also be recovered under both the FCRA and Title VII. *See* Fla. Stat. § 760.11(5); 42 U.S.C. § 1981a(a)(1). In support of her request for compensatory damages, Plaintiff claims that she has experienced emotional distress, mental pain and suffering, mental anguish, loss of enjoyment of life, embarrassment, humiliation, damage to reputation, and illness because of the alleged derogatory comments, misgendering, hostility, increased scrutiny, and discipline by UPS. *See* Exhibit A, Complaint ¶¶ 18, 44, 56, 66, 73, 84, 94, 104, 112. Because UPS employs over 500 employees, Plaintiff could recover up to $300,000 in compensatory damages under Title VII. *See* 42 U.S.C. § 1981a(b)(3)(D). Further,

unlike the federal statute, the FCRA "contains no general damages cap." *Bradshaw v. Sch. Bd.*, 486 F.3d 1205, 1208 (11th Cir. 2007).

20. Both the FCRA and Title VII further allow for the recovery of punitive damages. *See* Fla. Stat. § 760.11(5); 42 U.S.C. § 1981a(a)(1). Under the FCRA, such damages are capped at $100,000.00. Fla. State. § 760.11(5). Additionally, because UPS employs over 500 employees, Plaintiff could recover up to $300,000.00 in punitive damages under Title VII. *See* 42 U.S.C. § 1981a(b)(3)(D). Because the caps on punitive damages are not mutually exclusive, Plaintiff could recover up to a total of $400,000.00 in punitive damages. *See Bradshaw*, 486 F.3d at 1207-08 ("So if Title VII cannot remedy the full extent of her injury because of its damage cap, then the remaining portion of her injury should be remedied as much as possible under the [FCRA], and vice versa.").

21. Attorneys' fees may be included in the amount in controversy if their recovery is allowed by statute or contract. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). The statutes underlying Plaintiff's claims each expressly authorize an award of attorneys' fees. *See* Fla. Stat. § 760.11(5); 42 U.S.C. § 2000e-5(k). Therefore, attorneys' fees must also contribute to the amount-in-controversy requirement of 28 U.S.C. § 1332.

22. Based on the significant, varied alleged sources of Plaintiff's damages, UPS asserts in good faith that the total amount at stake in this action exceeds the jurisdictional threshold of $75,000.00.

23. As such, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action may be properly removed to this Court by UPS pursuant to 28 U.S.C. § 1441(a).

24. In the event that Plaintiff seeks to remand this action to state court or the Court considers remand *sua sponte*, UPS respectfully requests the opportunity to submit additional arguments or evidence in support of removal and the amount in controversy as may be necessary.

**FEDERAL QUESTION JURISDICTION**

25. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331, federal question jurisdiction, because this is a civil action arising under the Constitution, laws, or treatises of the United States.

26. Plaintiff's alleged causes of action include sex-based discrimination sexual-orientation discrimination, and retaliation under Title VII. *See* Exhibit A, Complaint ¶¶ 74-94, 105-112. Thus, three (3) of Plaintiff's alleged causes of action arise under the laws of the United States. *See* 42 U.S.C. § 2000e *et seq*.

27. Because this Court has original subject matter jurisdiction over civil actions arising under Title VII, 42 U.S.C. § 2000e, *et seq*., as a law of the United States, this action is properly removable under 28 U.S.C. § 1441(a). *See generally*

*Walton v. Johnson & Johnson Servs.*, 203 F. Supp. 1312, 1326 (M.D. Fla. 2002) (recognizing that the plaintiff's claims under Title VII "presented a federal question within the original jurisdiction of this Court").

**SUPPLEMENTAL JURISDICTION**

28. Plaintiff's remaining claims under Florida law are likewise properly removable under 28 U.S.C. § 1441(c), in accordance with this Court's supplemental jurisdiction under 28 U.S.C. § 1367, because they relate to and arise out of the same employment relationship between Plaintiff and UPS and are part of the same case and/or controversy as Plaintiff's claims under Title VII.

29. Plaintiff's causes of action under the FCRA arise during the same time period as her claims under Title VII, involve the same actors as her claims under Title VII, and arise out of the same alleged derogatory comments, misgendering, hostility, increased scrutiny, and disciplinary actions as her claims under Title VII. *See* Exhibit A, Complaint ¶¶ 18-28, 35, 45, 57, 67, 74, 85, 95, 105.

30. Generally, Plaintiff's claims under the FCRA will also be subject to the same legal standards as those under Title VII. *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) ("And because the FCRA is based on Title VII, decisions construing Title VII apply to the analysis of FCRA claims.").

31. This Court thus has jurisdiction over Plaintiff's state law claims under the FCRA, pursuant to 28 U.S.C. § 1367(a), because the claims are so related to her federal claims that they form part of the same case or controversy under Article III

of the U.S. Constitution, are substantially related to and arise out of the same set of operative facts as her Title VII claims such that they should be tried in a single action, and involve substantially similar legal issues. *See Doe v. Grand Villa of New Port Richey L/B/N Gv New Port Richey*, 540 F. Supp. 3d 1168, 1170 (M.D. Fla. 2021) (exercising supplemental jurisdiction over state-law claims that were "based substantially on the same set of facts alleged in support of her Title VII claim, and they present[ed] substantially the same legal issues").

**RESERVATION OF RIGHTS**

32. UPS denies the allegations in the Complaint. UPS files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in state court or federal court. In making the assertions in this Notice of Removal, UPS does not concede in any way that Plaintiff has alleged any cause of action upon which relief may be granted, that the allegations or inferences drawn therefrom are true and accurate, or that Plaintiff is entitled to recover any amount or relief sought in the Complaint.

33. UPS further reserves the right to amend or supplement this Notice of Removal as appropriate.

WHEREFORE, UPS respectfully requests that this action be removed to the United States District Court for the Middle District of Florida and further requests the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida proceed no further with respect to this action.

Dated November 19, 2026.

Respectfully submitted,

**DINSMORE & SHOHL, LLP**

*/s/ David S. Shankman, Esq.*
David S. Shankman, Esq.
Florida Bar No. 940186
Lead Counsel
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone: (813) 543-9848
Facsimile: (813) 543-9849
E-Mail: david.shankman@dinsmore.com
E-Mail: trishae.painter@dinsmore.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2026, a true and correct copy of the foregoing was filed with the Court's CM/ECF system and served via email on the following:

Marie A. Mattox, Esq.
**Marie A. Mattox, P.A.**
203 N. Gadsen Street
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
michelle2@mattoxlaw.com
discovery@mattoxlaw.com
*Attorneys for Plaintiff*

*/s/ David S. Shankman, Esq.*
*Attorney for Defendants*